## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| MICHAEL L. DUKE, | ) | Case No. 11-51521 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| ANGELA BABETTE FORD GROVES, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 12-06019 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL L. DUKE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM OPINION

Before the Court is the Motion to Dismiss as Untimely (the "Motion"), filed by Michael L. Duke (the "Debtor") on June 22, 2012. On March 16, 2012, Angela Babette Ford Groves ("Groves"), a former employee of the Debtor, filed a Complaint seeking a determination that her claim was nondischargeable pursuant to Section 523(a) of the Bankruptcy Code. Upon consideration of the pleadings and the evidence presented at the hearing held on July 18, 2012, and for the reasons that follow, the Court will grant the Motion.

### FACTS

The Debtor and his business partner owned and operated various business entities, including The Crito Group. On March 1, 2009, Groves began employment with The

1

Crito Group as a consultant. Under the terms of her employment, in addition to receiving a salary and bonus opportunities, the parties agreed that Groves would be reimbursed for her work-related expenses.

During the course of her employment, Groves incurred substantial business expenses and submitted them to the Debtor and his business partner for reimbursement. At some point, Groves stopped receiving her salary as it became due, as well as reimbursement for her business-related expenses. In March and April of 2010, the Debtor and his business partner acknowledged the debt owed to Groves and entered into a Letter of Understanding, agreeing to make regular payments of back wages and expense reimbursements. However, Groves never received any payments and, on April 16, 2010, she resigned from her employment. After her resignation, Groves continued to demand payment of the back wages and unreimbursed expenses to no avail.[1]

On April 7, 2011, Groves initiated a lawsuit in state court against the Debtor, his business partner, The Crito Group, and certain of the Debtor's business entities, seeking to pierce the corporate veil and hold the parties jointly and severally liable for the amounts owed. The state court entered a judgment against all the defendants except the Debtor.[2]

---

[1]On October 28, 2010, Groves sent a certified letter to the Debtor demanding payment of $35,313.00 comprised of $6,551.72 in unpaid wages and $28,761.28 in unreimbursed business expenses. The Debtor did not respond.

[2]Although most of the defendants filed answers, all but the Debtor failed to respond to discovery requests. As a result, the state court struck their answers. Groves moved for summary judgment against those defendants, and following a hearing on October 4, 2011, the state court found that those defendants were jointly and severally liable for $65,114.72 in compensatory and liquidated damages as well as attorney fees.

On October 5, 2011, the Debtor filed a Chapter 7 petition.  The original deadline for objections to the Debtor's discharge pursuant to Section 727(a) and objections to the nondischargeability of certain debts pursuant to Section 523(a) was January 16, 2012. On December 5, 2011, the Trustee moved to extend the time to file objections to discharge under Section 727(a). On December 22, 2011, the Court issued an order granting the Trustee's motion and extending "the period within which to object to the Debtor's discharge" until March 16, 2012.  On March 16, 2012, Groves initiated this adversary proceeding by filing the Complaint seeking a determination of dischargeability as to her claim pursuant to Section 523(a)(2) and (4).

On June 22, 2012, the Debtor filed the Motion pursuant to Federal Rule of Civil Procedure 12(c) for a judgment on the pleadings because the adversary proceeding was not filed in accordance with the deadline prescribed by Federal Rule of Bankruptcy Procedure 4007(c).  The Debtor argues that the Court's order only extended the time to object to discharge pursuant to Section 727 and did not affect the deadline for objections based on Section 523.

In response, Groves admits to operating under the erroneous assumption that the order extended time for both objections to discharge and dischargeability of certain debts. However, Groves argues that the Court should use its equitable powers to excuse the untimely Complaint.  Counsel for Groves asserts that he lacked both actual and constructive knowledge that he did not timely file the Complaint because, due to the language of the order, he reasonably believed that the Court extended the deadline for filing objections to the dischargeability of debts as well.  Counsel alleges that he was not served with either the Trustee's motion or the order, and his staff informed him that the

3

Court issued the order.  Counsel claims that "it was reasonable, albeit misguided and erroneous," for him to believe that the order extended the deadline for filing objections to the dischargeability of debts, even though he "should have reviewed both the motion and order to confirm their applicability." (Plaintiff's Response at 10.)  Groves further asserts that the deadline should be equitably tolled because she has diligently pursued her claims against the Debtor and allowing the adversary proceeding to continue would not cause prejudice to the Debtor.

<u>JURISDICTION</u>

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Local Rule 83.11 of the United States District Court for the Middle District of North Carolina.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I), which this Court has the jurisdiction to hear and determine.  Pursuant to the analysis in <u>Stern v. Marshall</u>, 564 U.S. --, 131 S. Ct. 2594 (2011), the Court may enter a final order in this matter.

<u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(c), allows a party to move for judgment on the pleadings after the pleadings are closed.  Fed. R. Civ. P. 12(c).  Courts review a motion for judgment on the pleadings applying the same standard as a motion to dismiss pursuant to Rule 12(b)(6). <u>Independence News, Inc. v. City of Charlotte</u>, 568 F.3d. 148, 154 (4th Cir. 2009).  Thus, "the applicable test under Rule 12(c) is whether, 'when viewed in the light most favorable to the party against whom the motion is made, genuine issues of material fact remain or whether the case can be decided as a matter of law.'"

Blue Rhino Global Sourcing, Inc. v. Well Traveled Imports, Inc., --- F. Supp.2d ---, 2012 WL 3637625 at *2 (M.D.N.C. Aug. 22, 2012) (quoting Smith v. McDonald, 562 F. Supp. 829, 842 (M.D.N.C. 1983).

## ANALYSIS

To except certain debts from discharge, the Bankruptcy Code requires that the creditor first request a determination of nondischargeability, after notice and a hearing. 11 U.S.C. § 523(c)(1).  Rule 4007 permits a creditor to file a complaint in order to determine the dischargeability of a debt.  Fed. R. Bankr. P. 4007(a).  A creditor filing a complaint to determine the dischargeability of debt under Section 523(c) must do so no later than 60 days after the date set for the Section 341 meeting of creditors. Fed. R. Bankr. P. 4007(c).  Generally, the court has the discretion to extend deadlines, for cause. Fed. R. Bankr. P. 9006(b)(1).   However, with regard to a Section 523(c) nondischargeability determination, the court may only exercise such discretion upon a motion that was filed before the expiration of the prescribed deadline.  Fed. R. Bankr. P. 4007(c), 9006(b)(3).

A time limitation set by a court-promulgated rule does not affect the court's subject matter jurisdiction.  Bowles v. Russell, 551 U.S. 205, 210-11 (2007); Kontrick v. Ryan, 540 U.S. 443, 454 (2004).  Bankruptcy courts may consider equitable principles when applying statutes of limitations, which are "subject to the defenses of waiver, estoppel, and equitable tolling."  United States v. Locke, 471 U.S. 84, 94 n.10 (1985). Thus, the Court has the discretion to apply equitable principles, such as equitable tolling, to determine the timeliness of a filing.  See Farouki v. Emirates Bank Int'l., Ltd, 14 F.3d 244, 248 (4th Cir. 1994) (holding that Rule 4004 time limits were not jurisdictional and

were subject to equitable considerations and noting that analogous reasoning should apply to Rule 4007); In re McConkey, 2011 WL 1436431 (Bankr. D. Md. April 14, 2011) (noting that many courts have held that Rule 4007(c) deadlines are not jurisdictional); In re Ghanei, 2004 WL 3464153 at *7 (Bankr. E.D. Va. Oct. 25, 2004) (applying the doctrine of equitable tolling to extend the Rule 4007 deadline to file a dischargeability complaint).  However, equitable exceptions to limitations should be sparingly applied. English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987).

The doctrine of equitable tolling is "based primarily on the view that a defendant should not be permitted to escape liability by engaging in misconduct that prevents the plaintiff from filing his or her claim on time." Id.  Thus, equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff.  Id. (citations omitted). Therefore, to equitably toll a deadline, the plaintiff must show (1) an attempt by the defendant to mislead and (2) plaintiff's reasonable reliance on such attempt in neglecting to meet the deadline.  See Id. (citing Lawson v. Burlington Indus., 683 F.2d 862, 864 (4th Cir. 1982)).

Here, the deadline to file objections to the Debtor's discharge pursuant to Section 727 and to the dischargeability of certain debts pursuant to Section 523 was set for January 16, 2012.  Unfortunately, Groves failed to file her Section 523 complaint  within the time allotted, and this Court lacks the discretion to extend the deadline under the Federal Rules of Bankruptcy Procedure.  Fed. R. Bankr. P. 4007(c), 9006(b)(3).

However, Rule 4007(c), which sets the applicable deadline, does not present a jurisdictional bar, so the Court may the doctrine of equitable tolling as urged by Groves. Although Groves has alleged some facts that may support equitable tolling, the

6

touchstone of the doctrine is that the untimeliness is caused by the inequitable conduct of the debtor.  Groves has failed to allege any such conduct by the Debtor.  Accordingly, the doctrine of equitable tolling does not apply, and the Debtor is entitled to a judgment on the pleadings in his favor.

<u>CONCLUSION</u>

The Complaint was filed months after the deadline for initiating an action to determine the dischargeability of a debt pursuant to Section 523(c).  Rule 4007(c) prohibits the Court from extending the time for filing once the initial deadline has passed, and equitable considerations do not weigh in favor of a finding of timeliness.  Therefore the Motion is GRANTED, and the Complaint is DISMISSED.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Rule 9021.